IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KAULIKA TEHARA ARENSBERG,<br><br>Defendant. | CR 16-11-M-DWM-TJC-4<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of her supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 297) (citing 18 U.S.C. § 3401(i) and 18 U.S.C. § 3583(e)).

On March 1, 2022, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to a term of time served, followed by 48 months of supervised release.

**I.    Background**

In 2016, Defendant pled guilty to the offense of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 95.) On September 22, 2016, the Court sentenced her to 72 months imprisonment, to be

1

followed by 5 years supervised release. (Doc. 177.) Defendant began serving her term of supervised release on June 25, 2020.

On January 25, 2022, the United States Probation Office filed the petition now at issue. (Doc. 296.) The petition alleges that Defendant violated four conditions of supervised release, providing a brief explanation of each violation. *Id*. Based on the petition, Judge Molloy issued a Summons for Offender Under Supervision. (Docs. 296, 297.)

On February 22, 2022, Defendant made an initial appearance. (Doc. 300.) Defendant, represented by counsel, stated that she had read the petition and waived a preliminary hearing. (*Id.*) The Court set the final revocation hearing for March 1, 2022. (*Id.*) The Defendant was released pending the final revocation hearing. (*Id.*)

## II.     **Final Revocation Hearing**

Defendant appeared at the revocation hearing represented by Steven C. Babcock and the Federal Defenders of Montana. Julie Patten represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including her right to object to the Findings and Recommendations, and the right to appear and allocate before Judge Molloy prior to his imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation is a grade C violation, her criminal history category is III, and the underlying offense is a class B felony. Under those circumstances, the maximum statutory sentence is 36 months incarceration, and the United States Sentencing Guidelines provide a range of 5-11 months incarceration. Defendant could be sentenced to as much as 60 months supervised release, less any incarceration time imposed. Ms. Patten and Mr. Babcock agreed with those calculations.

Mr. Babcock requested a sentence of 0 months imprisonment followed by 48 months of supervised release. Ms. Patten requested a sentence at the low end of the guideline range.

### III. Analysis

Based on Defendant's admission to the violations of her conditions of supervised release, her supervised release should be revoked. The Court should sentence Defendant to time served, followed by 48 months supervised release. Such a sentence is sufficient to impose consequences for the violations by extending the term of Defendant's supervised release, while also recognizing the nature and characteristics of the violations.

/ / /

/ / /

## IV.    Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and reminded her that she has the right to object to these Findings and Recommendations within 14 days of their issuance. She was also reminded that she has the right to appear and allocute before Judge Molloy prior to his imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.    Defendant violated the standard condition that she not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

2.    Defendant violated the special condition that she participate in a program for mental health treatment as directed by the United States Probation Office, until such time as the defendant is released from the program by the probation officer.

3.    Defendant violated the standard condition that she answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.     Defendant violated the special condition that she abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale.

Accordingly, **IT IS RECOMMENDED** that:

1.     Defendant should be sentenced to time served, followed by 48 months supervised release.

2.     While on supervised release, the following conditions should be imposed:

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance.  The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of the Treasury.  The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court.  The defendant shall also comply with the following special condition(s):

      a.      You must participate in and successfully complete a program of substance abuse treatment as approved by the probation officer.  You must remain in the program until you are released by the probation officer in consultation with the treatment provider.  You must pay part or all of the costs of this treatment as directed by the probation officer.

      b.      You must participate in a program for mental health treatment as approved by the probation officer.  You must remain in the program until you are released by the probation officer in consultation with the treatment provider.  You must pay part or all of the costs of this treatment as directed by the probation officer.

      c.      You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

      d.      You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision.  You must pay part or all of the costs of testing as directed by the probation officer.

      e.      You must provide the probation officer with any requested financial information.  You must not incur new lines of credit without prior approval of the probation officer.  You must notify the probation officer of any

material changes in your economic circumstances that might affect your ability to pay court-ordered financial obligations.

      f.      You must not engage in any gambling or wagering activity of any kind, whether online, over the telephone, or in person, and must not enter any casino or other place of business where gambling is the primary service offered.

      g.      You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state.  Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

      h.      You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

      i.      The defendant shall surrender any and all medical marijuana cards she has to the United States Probation Office.

      j.      You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release.  Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches

pursuant to this condition. You must allow seizure of suspected contraband for further examination.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Molloy.

DATED this 2nd day of March, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge